**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Elite Dogstands, Ltd., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | |
| For The Earth Corporation, | ) | **JURY TRIAL DEMANDED** |
| BJ's Wholesale Club, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

COMES NOW Plaintiff, Elite Dogstands Ltd. ("Elite"), and for its

Complaint against Defendant, For The Earth Corporation ("FTEC"), and

Defendant BJ's Wholesale Club, Inc. ("BJ's"), states the following:

**THE PARTIES**

1.     Elite is a limited liability corporation organized under the laws of the

United Kingdom, with its principal place of business at 10 Marigold Place, Harlow,

Essex CM17 0BW, United Kingdom, in Harlow, United Kingdom.

2.     Upon information and belief, Defendant FTEC is a corporation

organized under the laws of the State of Delaware, with its principal place of

business in Phoenix, Arizona.  Defendant can be served through its registered

agent Wesley S. Loy, at 1122 E. Jefferson Street, Phoenix, Arizona 85034.

3.     Upon information and belief, Defendant BJ's is a corporation

organized under the laws of the State of Delaware, with its principal place of

business at 25 Research Drive, Westborough, MA 01581.  Defendant can be served

through its registered agent The Corporation Trust Company, Corporation Trust

Center, 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION AND VENUE

4.     This is an action against Defendants FTEC and BJ's for patent,

trademark and trade name infringement, unfair competition, injury to business

reputation, and trademark and trade name dilution arising under the Patent Laws of

the United States, specifically 35 U.S.C. § 271 and 35 U.S.C. §281, the Federal

Trademark Act of 1946, 60 Stat. 427, 15 U.S.C. 1051 et seq., the common law, and

the statutes of the State of Georgia.

5.     This Court has subject matter jurisdiction over this action pursuant to

28 U.S.C. § 1331 as it involves a federal question: United States Patent Laws, 28

U.S.C. § 1338 as it involves federal patent and trademark law and a claim of unfair

competition joined with a substantial and related claim under the patent or

trademark laws; and 28 U.S.C. § 1332 as the action is between citizens of different

States, and the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00.

6.     This Court has personal jurisdiction over FTEC by reason of the business that FTEC has transacted and continues to transact in this judicial district and division, and has sufficient minimum contacts with this judicial district and division.  In particular, FTEC has made and continues to make, has offered to sell and continues to offer to sell, has sold and continues to sell, has used and continues to use, and/or has imported and continues to import products that infringe valid and enforceable claims of Elite's patent, trademark, and trade name rights.

7.     In addition, this Court has personal jurisdiction over FTEC because it has knowingly and actively engaged in acts that have infringed, will infringe, aided and abetted and/or will aid and abet in the direct infringement of claims of Elite's patent, trademark and trade name rights, in this judicial district and division.

8.     This Court has personal jurisdiction over BJ's by reason of the business that BJ's has transacted and continues to transact in this judicial district and division, and has sufficient minimum contacts with this judicial district and division.  In particular, BJ's has made and continues to make, has offered to sell and continues to offer to sell, has sold and continues to sell, has used and continues

to use, and/or has imported and continues to import products that infringe valid and enforceable claims of Elite's patent, trademark, and trade name rights.

9.      In addition, this Court has personal jurisdiction over BJ's because it has knowingly and actively engaged in acts that have infringed, will infringe, aided and abetted and/or will aid and abet in the direct infringement of claims of Elite's patent, trademark and trade name rights, in this judicial district and division.

10.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 1400, and Local Rule 3.1 B.

## THE CONTROVERSY

11.      Elite has been and continues to be engaged in the business of designing, developing, manufacturing, and selling pet products, including in particular a novel and distinctive bone-shaped pet bowl.

12.      On September 7, 2010, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. D623,362 ("the '362 Patent") to inventor Hang Lam Man for the invention entitled "Pet Stand".  (See Exhibit A, Plaintiff's U.S. Patent No. D623,362).

13.      The '362 Patent discloses and claims, *inter alia*, a novel and ornamental bone-shaped pet bowl.

14.    The '362 Patent is currently in full force and effect.  In accordance with 35 U.S.C. § 282, the '362 Patent, and its claim thereof, is presumed to be valid.

15.    All rights, title and interest in and to the '362 Patent have been assigned to Elite, which is the sole owner of the '362 Patent.

16.    Since at least as early as 2010, Elite has offered and continues to offer bone-shaped pet bowls (hereinafter also "Elite's Goods") under its trademarks and trade names HING and HING DESIGNS.  An exemplary photograph of Elite's bone-shaped pet bowl as made and sold is presented below.



17.    Since at least as early as 2011, Elite has continuously offered and sold its bone-shaped pet bowl in commerce in the United States.

18.    Since Elite began promoting, offering for sale and selling its bone-shaped pet bowl in commerce in the United States, Elite has continuously promoted, offered for sale and sold Elite's Goods to the public under its HING and HING DESIGNS trademarks and trade names, and such trademarks and trade

names have become associated with Elite, and have become an asset of substantial value as a symbol of Elite, its quality products and services and its goodwill.

19.     Elite has extensively advertised its bone-shaped pet bowl using its HING and HING DESIGNS trademarks and trade names, and in its operations adhere to high standards of quality.  Because of the high degree of interstate mobility of Elite's Goods its HING and HING DESIGNS trademarks and trade names have become distinctive and recognized by members of the public as symbols of Elite, its quality services, and its goodwill.

20.     In about February 2012, Elite had discussions with Defendant FTEC's predecessor, Prestige Pet Products, Inc. ("Prestige Pet Products"), about the possibility of Prestige Pet Products serving to distribute and sell Elite's bone-shaped pet bowl in the United States.  As part of the discussions Elite provided Prestige Pet Products with information concerning Elite's products, including a copy of its '362 patent and a limited number of Elite's bone-shaped pet bowls.  As a result of the discussions Prestige Pet Products was also made aware of Elite's trademarks and trade names HING and HING DESIGNS.

21.     The discussions between Elite and Prestige Pet Products ended without reaching an agreement concerning Prestige Pet Products serving to distribute and sell Elite's bone-shaped dog bowl.  Accordingly, Elite has not

authorized Prestige Pet Products to make, have made, distribute offer for sale or sell the bone-shaped pet bowl of Elite's '362 patent and has not authorized Prestige Pet Products to make any use of Elite's trademarks and trade names.

22.    On information and belief, in spite of the failure of Elite and Prestige Pet Products to reach an agreement and Prestige Pet Products' failure to obtain authorization from Elite, Prestige Pet Products proceeded to make, have made, promote, distribute, offer to sell, sell and/or import bone-shaped pet bowls (the "Accused Products") that are substantially similar to, if not identical to, Elite's patented bone shaped pet bowl and that infringe the invention claimed in the '362 Patent.  (See Exhibit B, copies of pages from Defendant FTEC's web site showing one of the Accused Products.  See also, Exhibit C, photographs of Defendant FTEC's Accused Products.)

23.    On information and belief, in about August 2012 Defendant FTEC purchased Prestige Pet Products and since then has continued to make, have made for it, sell, offer for sale and/or import the Accused Products in blatant disregard of Elite's rights.

24.    On information and belief, with the '362 Patent in full force and effect, and with full knowledge of Elite's patent, trademark and trade name rights, Defendant FTEC has continued to make, have made for it, use, sell, offer for sale

and/or import the Accused Products in blatant disregard of Elite's rights.  For

example, on information and belief, Defendant FTEC has sold the Accused

Products to and through Defendant BJ's in the Atlanta, Georgia metropolitan area.

Exhibit C includes photographs providing a true and accurate depiction of a

display of Defendant Elite's Accused Products in a BJ's wholesale club store in the

Atlanta, Georgia area in February 2013, the Accused Products exemplified by the

photograph below of one of said Accused Products from said display.



25.    Indeed, Defendants' infringing acts, including the introduction,

promotion, and sale of products covered by Elite's '362 patent under and in

association with Elite's trademarks and trade names, has occurred with Defendant

FTEC knowing it had not obtained any rights or authorization from Elite to make,

have made for it, use, import, offer to sell, or sell the Accused Products, let alone

under or in association with Elite's trademarks and trade names.

26.    Defendant FTEC has been notified of its infringement of Elite's '362 Patent pursuant to 35 U.S.C. § 287 and of its infringement of Elite's '362 Patent and trademarks and trade names by letter sent directly to Mr. Nelson Grist, Defendant's CEO, on February 13, 2013.

27.    Further, on information and belief, in spite of the failure of Elite and Defendant FTEC to reach agreement and Defendant FTEC to obtain authorization from Elite, and well after Elite adopted and began use of its HING and HING DESIGNS trademarks and trade names, Defendants FTEC and BJ's have also proceeded to promote, distribute, offer for sale and/or sell the substantially similar, competing Accused Products under or in association with Elite's distinctive HING and HING DESIGNS trademarks and trade names.

28.    Defendants FTEC's and BJ's infringement of Elite's aforementioned distinctive trademarks and trade names, and other distinctive features is without the consent, sponsorship, or authorization of, or affiliation with Elite.

29.    On information and belief, Elite avers that Defendant FTEC's and BJ's activities, as above-described, are part of a conspiracy and scheme to infringe Elite's distinctive trademarks and trade names, and to appropriate the goodwill and reputation of Elite by promoting, offering to sell and selling the Accused Products

utilizing the confusingly similar HING and HING DESIGNS trademarks and trade names.

30.     On information and belief, Defendants FTEC and BJ's are promoting, distributing, offering to sell and/or selling the Accused Products throughout the United States and the State of Georgia.

31.     On information and belief Defendants FTEC's and BJ's infringing conduct has continued in spite of it having been notified of Elite's rights and of its infringement.

<u>COUNT ONE</u>
<u>PATENT INFRINGEMENT-U.S. PATENT NO. D623,362</u>

32.     Elite hereby incorporates and realleges paragraphs 1 through 31 as if fully set forth herein.

33.     On information and belief, Defendant FTEC has made, used, offered for sale, distributed, sold and/or imported into the United States bone-shaped pet bowls, including, but not limited to the Accused Products, that are substantially similar to and that infringe the '362 Patent.

34.     On information and belief, Defendant FTEC, with knowledge of the '362 Patent, has induced Defendant BJ's to make, use, offer for sale, distribute, sell, and/or import into the United States bone-shaped pet bowls, including, but not limited to the Accused Products, that are substantially similar to and that infringe the '362 Patent.

35.     On information and belief, Defendant FTEC has caused and will continue to cause Elite irreparable injury and damage by directly infringing, actively inducing others to infringe, and/or contributing to infringement of the '362 Patent.  Elite will suffer further irreparably injury, for which Elite has no adequate remedy at law, unless and until Defendant FTEC is enjoined from infringing the '362 Patent.

36.     On information and belief, Defendant FTEC's infringement constitutes willful and intentional infringement making this an exceptional case and justifying the imposition of treble damages and an award of reasonable attorneys' fees to Elite within the provisions of 35 U.S.C. §§284-85.

37.     By reason of the acts of Defendant FTEC alleged herein, Elite has suffered, is suffering and will continue to suffer irreparable damage, and unless Defendant FTEC is restrained from continuing its wrongful acts, the damage to Elite will increase.

38.     On information and belief, Defendant BJ's has made, used, offered for sale, distributed, sold and/or imported into the United States bone-shaped pet bowls, including, but not limited to the Accused Products, that are substantially similar to and that infringe the '362 Patent.

39.     On information and belief, Defendant BJ's has caused and will continue to cause Elite irreparable injury and damage by directly infringing, actively inducing others to infringe, and/or contributing to infringement of the '362 Patent.  Elite will suffer further irreparably injury, for which Elite has no adequate remedy at law, unless and until Defendant BJ's is enjoined from infringing the '362 Patent.

40.     On information and belief, Defendant BJ's infringement constitutes willful and intentional infringement making this an exceptional case and justifying the imposition of treble damages and an award of reasonable attorneys' fees to Elite within the provisions of 35 U.S.C. §§284-85.

41.     By reason of the acts of Defendant BJ's alleged herein, Elite has suffered, is suffering and will continue to suffer irreparable damage, and unless Defendant BJ's is restrained from continuing its wrongful acts, the damage to Elite will increase.

## COUNT TWO
## FEDERAL UNFAIR COMPETITION

42.     Paragraph 1 through 41 are realleged and incorporated herein by reference.

43.     On information and belief, Defendant FTEC has affixed, applied or annexed or used in connection with its Accused Products a false designation of origin, or a false representation or description, including using the names and marks "HING" and "HING DESIGNS", tending falsely to describe or represent the same as Defendant FTEC's goods or as made by, sponsored by or affiliated with Elite, and has caused, with knowledge of the falsity of such designation of origin or description or representation, such services to be offered or used in commerce.

44.    On information and belief, Defendant FTEC has willfully promoted in commerce the sale of its goods using reproductions of Elite's HING and HING DESIGNS trademarks, in such a manner so as to falsely designate an origin or an association with Elite's trademarks, and with Elite's goods, and so as to cause confusion or mistake among purchasers as to the true origin, source, sponsorship or affiliation of Defendant FTEC's goods, all to Defendant FTEC's profit and Elite's great and damage.

45.    Elite has been irreparably damaged by the use of such false description or representation.

46.    Defendant FTEC's acts, as set forth above, constitute a willful violation of Section 43(a) of the Trademark Act of 1946 [15 U.S.C. 1125(a)].

47.    On information and belief, Defendant BJ's has affixed, applied or annexed or used in connection with its Accused Products a false designation of origin, or a false representation or description, including using the names and marks "HING" and "HING DESIGNS", tending falsely to describe or represent the same as Defendant BJ's and/or FTEC's goods or as made by, sponsored by or affiliated with Elite, and has caused, with knowledge of the falsity of such designation of origin or description or representation, such services to be offered or used in commerce.

48.     On information and belief, Defendant BJ's has willfully promoted in commerce the sale of its goods using reproductions of Elite's HING and HING DESIGNS trademarks, in such a manner so as to falsely designate an origin or an association with Elite's trademarks, and with Elite's goods, and so as to cause confusion or mistake among purchasers as to the true origin, source, sponsorship or affiliation of Defendant BJ's goods, all to Defendant BJ's profit and Elite's great and damage.

49.     Elite has been irreparably damaged by the use of such false description or representation.

50.     Defendant BJ's acts, as set forth above, constitute a willful violation of Section 43(a) of the Trademark Act of 1946 [15 U.S.C. 1125(a)].


**COUNT THREE**

**COMMON LAW TRADE NAME AND SERVICE MARK
INFRINGEMENT AND COMMON LAW UNFAIR COMPETITION**

51.     Paragraphs 1 through 50 are realleged and incorporated herein by reference.

52.     Through Elite's extensive and continuous use of the names and marks HING and HING DESIGNS, the names and marks HING and HING DESIGNS

have each become distinctive of Elite's goods and are associated by the public with Elite.

53.     As a result of such association by the public of the names and trademarks HING and HING DESIGNS, Defendant FTEC's use of the same or of the deceptively similar names and marks HING and HING DESIGNS in connection with goods which are the same as or similar to the goods of Elite, is likely to cause confusion, mistake and to deceive, with respect to Elite's names and marks HING and HING DESIGNS.

54.     Elite alleges upon information and belief that Defendant FTEC has offered for sale and has sold its Accused Products in association with the infringing phrases HING and HING DESIGNS with full prior knowledge of Elite's HING and HING DESIGNS names and marks that defendant's sale of its Accused Products were and are for the willful and calculated purpose of trading upon Elite's goodwill and business reputation; further, Elite alleges upon information and belief that Defendant FTEC has willfully promoted and sold its Accused Products in such a manner so as inevitably to suggest an association, affiliation, or sponsorship with, or approval by Elite and so as to cause, or to be likely to cause, confusion or mistake among purchasers as to origin of Defendant's goods, all to defendant's gain and Elite's irreparable damage.

55.     Defendant FTEC has thereby been engaging in unfair competition and unfair trade practices against Elite to Elite's irreparable damage.

56.     The aforesaid conduct of Defendant constitutes infringement of Elite's common law rights in the names and marks HING and HING DESIGNS and further constitutes improper and unfair competition with Elite, all of which has damaged and will continue to damage Elite's goodwill and reputation to the irreparable injury thereof, unless enjoined and restrained by this Court, and Elite has no adequate remedy at law.

57.     Through Elite's extensive and continuous use of the names and marks HING and HING DESIGNS, the names and marks HING and HING DESIGNS have each become distinctive of Elite's goods and are associated by the public with Elite.

58.     As a result of such association by the public of the names and trademarks HING and HING DESIGNS, Defendant BJ's use of the same or of the deceptively similar names and marks HING and HING DESIGNS in connection with goods which are the same as or similar to the goods of Elite, is likely to cause confusion, mistake and to deceive, with respect to Elite's names and marks HING and HING DESIGNS.

59.     Elite alleges upon information and belief that Defendant BJ's has offered for sale and has sold its Accused Products in association with the infringing phrases HING and HING DESIGNS with full prior knowledge of Elite's HING and HING DESIGNS names and marks that defendant's sale of its Accused Products were and are for the willful and calculated purpose of trading upon Elite's goodwill and business reputation; further, Elite alleges upon information and belief that Defendant BJ's has willfully promoted and sold its Accused Products in such a manner so as inevitably to suggest an association, affiliation, or sponsorship with, or approval by Elite and so as to cause, or to be likely to cause, confusion or mistake among purchasers as to origin of Defendant's goods, all to defendant's gain and Elite's irreparable damage.

60.     Defendant BJ's has thereby been engaging in unfair competition and unfair trade practices against Elite to Elite's irreparable damage.

61.     The aforesaid conduct of Defendant constitutes infringement of Elite's common law rights in the names and marks HING and HING DESIGNS and further constitutes improper and unfair competition with Elite, all of which has damaged and will continue to damage Elite's goodwill and reputation to the irreparable injury thereof, unless enjoined and restrained by this Court, and Elite has no adequate remedy at law.

## JURY DEMAND

Elite demands a trial by jury of all issues so triable.


## PRAYER FOR RELIEF

WHEREFORE, Elite respectfully prays for the following relief:

A.     That the Court enter judgment that Defendants FTEC and BJ's have directly and/or indirectly (induced/contributory) infringed one or more claims of the '362 Patent in violation of 35 U.S.C. § 271;

B.     That the Court issue an injunction requiring Defendants FTEC and BJ's, their officers, agents, servants and employees be enjoined and restrained from making, using, offering to sell, selling, or importing into the United States Defendant's Accused Products;

C.     That the Court enter judgment and order as part of the injunction Defendants be directed to file with this Court and serve on Plaintiff within thirty days after issuance of the injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

D.     That as a further part of the injunction Defendants be required to deliver up and destroy all of Defendants' infringing products;

E.      That the Court enter judgment and order Defendants account for and pay to Plaintiff all damages available to Elite for Defendants' infringement of the '362 Patent, and that the Court increase the amount of damages to three times the amount found or assessed by the Court because of the willful and deliberate nature of the infringement, in accordance with 35 U.S.C. § 284;

F.      That the Court declare this an exceptional case and that Plaintiff be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

G.      That the Court require Defendants to notify their commercial licensees, dealers, associates, suppliers, and customers of said injunction and judgment of this Court.

H.      That Defendants, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them be permanently enjoined and restrained:

1.      from using the trademarks HING and HING DESIGNS or any other designation, trademark, service mark, or trade name confusingly similar to Elite's trademarks and trade names HING and HING DESIGNS;

2.      from otherwise infringing upon Elite's trademark and trade names HING and HING DESIGNS and from otherwise unfairly competing with Elite in any manner, whatsoever; and

3.      from offering for sale and selling and the rendering of such other goods under the same HING and HING DESIGNS or any other designation, trademark, trade name or service mark confusingly similar to Elite's marks and trade names HING and HING DESIGNS;

I.      That Defendants be ordered to deliver up for destruction all of their documents, signs, packages, forms, advertisements, business cards, letterheads and other representations and means for reproducing the same or any other printed material bearing the notations HING and HING DESIGNS or any other designation, mark or name confusingly similar to Elite's trademarks and trade names HING and HING DESIGNS and to obliterate, destroy or remove all other uses of Elite's mark;

J.      That Defendants be directed to file with the Court and serve on Elite, no later than thirty (30) days after the issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

K.      That Defendants be required to pay to Elite such damages as Elite has sustained as a consequence of Defendants' trademark and trade name infringement and unfair competition and to account for all gains, profits and advantages derived by defendant by said unfair competition;

L.      That Defendants be required to deliver up to be impounded during the pendency of this action all Accused Goods and all promotional materials remaining in inventory bearing either the mark HING or the mark HING DESIGNS in their possession or under their control and to deliver up for destruction all infringing copies and all plates, molds, and other matter for making such infringing Accused Products;

M.      That an accounting and judgment be rendered against Defendants for:

1.      all profits received by Defendants from their sale of goods in which the terms "HING and HING DESIGNS" that is confusingly similar to the Elite's HING and HING DESIGNS names and marks are used directly or indirectly; and

2.      all damages sustained by Elite on account of Defendants' trademark infringement, unfair competition, unfair or deceptive acts or practices, false designation of origin, false description or representation, injury to Elite's business reputation, and dilution of Elite's trademarks and trade names, and furthermore, that such damages and profits, as found herein, be trebled as provided by Section 35 of the Trademark Act of 1946 [15 U.S.C. 1117];

N.      That Elite have and recover its costs in this suit, including reasonable attorneys' fees and expenses; and

O.     That Elite receive such other and further relief as the Court may deem

just; and

P.     That the Court grant Elite prejudgment interest and costs.

Respectfully submitted this 21st day of February, 2013

/s/ Todd Deveau
Todd Deveau
Georgia Bar No. 219725
todd.deveau@thomashorstemeyer.com
Kevin James Sangston
Georgia Bar No. 626171
jim.sangston@thomashorstemeyer.com
**THOMAS|HORSTEMEYER, LLP**
400 Interstate North Parkway SE
Suite 1500
Atlanta, GA 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

Attorneys for Elite Dogstands Ltd.